

2011 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-22-2011

# In Re: Roger Duronio

Precedential or Non-Precedential: Non-Precedential

Docket No. 11-1851

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2011

Recommended Citation

"In Re: Roger Duronio " (2011). *2011 Decisions.* Paper 803.
http://digitalcommons.law.villanova.edu/thirdcircuit_2011/803

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2011 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-194                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1851
_____

In re:  ROGER FRANCIS DURONIO,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civil Action No. 10-cv-01574)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 19, 2011

Before:  BARRY, FISHER and ROTH, <u>Circuit</u> <u>Judges.</u>

(Filed: July 22, 2011)
_____

OPINION
_____

PER CURIAM

     Petitioner Roger Duronio, proceeding pro se, seeks a writ of mandamus

compelling the United States District Court for the District of New Jersey to rule on his

28 U.S.C. § 2255 motion.

     Duronio filed a 28 U.S.C. § 2255 motion in March 2010.  In May 2010, the case

was reassigned from Judge Katharine S. Hayden to Judge Jose L. Linares.  Thereafter, the

United States filed a response to the § 2255 motion, and in September 2010, Duronio replied to the United States' response. In February 2011, Duronio filed a motion to expedite consideration of the action. Then, in April 2011, he filed the current petition for a writ of mandamus.[1]

Mandamus is a drastic remedy that is granted only in extraordinary cases. *In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005). It may be "used to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Id.* (internal citation and quotation omitted). To demonstrate that mandamus is appropriate, a petitioner must establish that he or she has "no other adequate means" to obtain the relief requested, and that he or she has a "clear and indisputable" right to issuance of the writ. *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1996). Although district courts are generally given discretion to control their dockets, *see In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982), an appellate court may issue a writ of mandamus when an undue delay in adjudication is "tantamount to a failure to exercise jurisdiction," *Madden*, 102 F.3d at 79.

Here, there is no basis for granting the petition for a writ of mandamus, as there has been no undue delay in adjudication of Duronio's § 2255 motion. The district court docket reflects that the matter is progressing in a timely manner, as in April 2011, the district court ordered the United States to file trial transcripts and other documentation

---

[1] The petition for a writ of mandamus was not deemed to be compliant until May 12, 2011, when Duronio paid the required filing fee.

2

relating to the underlying proceeding by June 10, 2011.  Therefore, Duronio's petition for a writ of mandamus will be denied.